RE: INFORMAL OPINION CONCERNING PROXY BINGO
ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN UNOFFICIAL ATTORNEY GENERAL OPINION. YOUR REQUEST ASKS IN EFFECT:
 IS IT UNLAWFUL UNDER OKLAHOMA LAW FOR A PERSON, NOT IN INDIAN COUNTRY, TO PAY SOMEONE TO PLAY A BINGO CARD FOR HIM, WHEN THE LOCATION WHERE THE BINGO CARD IS BEING PLAYED IS WITHIN INDIAN COUNTRY?
IS IT UNLAWFUL FOR A NEWSPAPER IN OKLAHOMA TO PUBLISH FACSIMILE BINGO CARDS WHERE THE FACSIMILE CARDS ARE NOT USED TO PLAY THE GAME, BUT ARE TO ALLOW A PERSON AT HOME, NOT IN INDIAN COUNTRY, TO SELECT A REAL BINGO CARD, AND TELEPHONE TO A PROXY PLAYER WITHIN INDIAN COUNTRY FOR THE PROXY PLAYER TO THEN PLAY THE REAL BINGO CARD?
AS WILL BE MORE FULLY EXPLAINED BELOW, YOUR QUESTIONS PRESENT CERTAIN FACTUAL ISSUES WHICH ARE BEYOND THE PURVIEW OF AN UNOFFICIAL OPINION OF THE ATTORNEY GENERAL. I WILL, HOWEVER, SHARE CERTAIN AREAS OF CURRENT OKLAHOMA LAW WHICH MIGHT IMPACT UPON CERTAIN ACTIVITIES COVERED WITHIN THE SCOPE OF YOUR INQUIRY. THIS DISCUSSION IS NOT EXHAUSTIVE, BUT ILLUSTRATIVE OF CONCERNS THAT ARE NOT CAPABLE OF BEING DEALT WITH IN AN ATTORNEY GENERAL OPINION BECAUSE OF THE GREAT RELIANCE ONE MUST PLACE ON THE FACTS OF ANY PARTICULAR SITUATION. IF THE FACTS IN A GIVEN SITUATION ARE CHANGED, ISSUES CHANGE AT THE SAME PACE AS THE CHANGE IN FACTS.
MOREOVER, THE REQUESTED OPINION REQUIRES REVIEW OF VARIOUS CRIMINAL STATUTES, AND IT IS ANTICIPATED THIRD PARTIES MAY WISH TO RELY ON OUR OPINION WITH RESPECT TO WHETHER THE GAMING ACTIVITIES DESCRIBED VIOLATE OKLAHOMA CRIMINAL LAWS. HOWEVER, IT IS THE DISTRICT ATTORNEY, NOT THE ATTORNEY GENERAL, WHO MAKES THE DETERMINATION TO PROSECUTE IN ANY GIVEN CASE, AND THAT DETERMINATION IS WITHIN HIS OR HER SOLE DISCRETION, REGARDLESS OF WHETHER THE ATTORNEY GENERAL HAS REVIEWED THE GENERAL ACTIVITY FOR COMPLIANCE WITH STATE LAW. IT WOULD THEREFORE BE A DISSERVICE TO THOSE WISHING TO RELY ON AN ATTORNEY GENERAL OPINION OF THIS NATURE TO PROVIDE AN OPINION WHICH IS NOT CAPABLE OF ADDRESSING SPECIFIC FACTS BUT COULD ONLY VIEW THE ACTIVITY IN THE ABSTRACT.
THE FOLLOWING IS AN OVERVIEW OF SOME ISSUES CONCERNED. FIRSTLY, LEGAL ACTIONS ARE PRESENTLY PENDING IN FEDERAL COURT ARISING FROM ALLEGEDLY ILLEGAL ACTIVITIES IN INDIAN COUNTRY CONCERNING GAMING ISSUES, THOUGH NOT IDENTICAL FACTUALLY, THAT MAY BE OF SIGNIFICANCE TO YOUR INQUIRY. THESE ACTIONS STEM FROM THE SEIZURE BY FEDERAL AGENTS OF CERTAIN ALLEGEDLY ILLEGAL GAMING MACHINES FROM A TRIBAL BINGO LOCATION. FOR FURTHER INFORMATION ON THESE ACTIONS YOU WILL NEED TO CONTACT THE UNITED STATES ATTORNEY'S OFFICE IN OKLAHOMA CITY.
CERTAINLY, ANY CONTEMPLATED ACTIVITIES NEED TO BE EXAMINED IN LIGHT OF THE APPLICABLE STATE BINGO LAWS, GENERALLY FOUND AT 21 O.S. 995 ET SEQ., AND OTHER GAMING LAWS FOUND AT 21 O.S. 991. WHETHER CERTAIN CONTEMPLATED ACTIVITIES WILL BE A VIOLATION OF STATE LAW DEPENDS UPON ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE ACTIVITY, AND SINCE NO COURT HAS ADDRESSED THIS QUESTION IN OKLAHOMA, WHETHER STATE LAW HAS BEEN VIOLATED AND/OR WHETHER ANY VIOLATIONS MERIT PROSECUTION ARE MATTERS WITHIN THE SOLE DISCRETION OF THE APPROPRIATE DISTRICT ATTORNEY OR OTHER PROSECUTORIAL AUTHORITY.
ADDITIONALLY, SINCE YOUR INQUIRY IS FACT-DEPENDENT, CONSIDERATION SHOULD BE GIVEN TO WHETHER THE OKLAHOMA STATUTORY DEFINITION OF "BINGO" COVERS THE CONTEMPLATED ACTIVITIES. WHILE THE DEFINITION OF "BINGO" IS BROAD, PLEASE NOTE THAT IT DOES NOT APPEAR TO BE ILLUSTRATIVE, BUT INSTEAD DEFINES WITH GREAT SPECIFICITY THE METHOD AND MANNER OF PLAYING THE GAME IN OKLAHOMA KNOWN AS "BINGO." 21 O.S. 995.2(1) (1990).
BECAUSE OF THIS DEFINITION, CONSIDERATION SHOULD ALSO BE DIRECTED TOWARD A REVIEW OF THE CONTEMPLATED ACTIVITIES WITH THE STATUTES THAT PROHIBIT A LOTTERY WITHIN THE STATE OF OKLAHOMA. 21 O.S. 1051 (1981). SINCE THE THREE ELEMENTS FOR A SCHEME TO BE A LOTTERY ARE PRIZE, CHANCE AND CONSIDERATION, SHOULD THE CONTEMPLATED ACTIVITIES FALL OUTSIDE THE BINGO DEFINITION, THEY MAY BE PROHIBITED BY THE LAWS IN OKLAHOMA AGAINST LOTTERY.
THOUGH THE FEDERAL INDIAN GAMING REGULATORY ACT (25 U.S.C.A. 2701 ET SEQ.) IMPACTS UPON ACTIVITY CONDUCTED WITHIN INDIAN COUNTRY, THERE IS NO CASELAW THAT INDICATES THAT THIS ACT APPLIES ALL GAMING ACTIVITY TO BE CONDUCTED WITHIN THE STATE OF OKLAHOMA, IF THAT ACTIVITY IS NOT LOCATED WITHIN INDIAN COUNTRY.
THE ACTIVITIES SUGGESTED BY YOUR INQUIRY AND THE BRIEF ACCOMPANYING YOUR REQUEST MAY BE GOVERNED BY OTHER STATE STATUTES IN ADDITION TO THE ABOVE OKLAHOMA CRIMINAL STATUTES. THESE ACTIVITIES MAY NEED TO BE EXAMINED IN LIGHT OF OKLAHOMA'S CONSUMER CREDIT CODE, FOUND IN TITLE 14 OF THE OKLAHOMA STATUTES, SINCE YOUR INQUIRY ANTICIPATES SOME FEE OR CHARGE BEING MADE, POSSIBLY BY A CREDIT TRANSACTION IN SOME INSTANCES, FOR THE OPPORTUNITY TO PLAY THE BINGO GAME.
(GLEN D. HAMMONS)